1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BANK OF AMERICA, N.A. and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

　　　Plaintiffs

v.

DURANGO TRAILS HOMEOWNERS
ASSOCIATION, INC., et al.,

　　　Defendants

Case No.: 2:16-cv-02853-APG-DJA

**Order Granting Plaintiffs' Motion for
Summary Judgment**

[ECF No. 32]

Plaintiffs Bank of America, N.A. and Federal National Mortgage Association (Fannie

Mae) sue to determine whether a deed of trust still encumbers property located at 1149 Dusty

Creek Street in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners

association (HOA), defendant Durango Trails Homeowners Association, Inc. (Durango).  The

plaintiffs seek a declaration that the foreclosure sale did not extinguish the deed of trust and they

assert alternative damages claims against Durango and Durango's foreclosure agent, defendant

Homeowner Association Services, Inc. (HAS).  Defendant LV Real Estate Strategic Investment

Group LLC Series 1149 (Strategic) purchased the property at the HOA foreclosure sale.

The plaintiffs move for summary judgment, arguing that the deed of trust survived the

HOA foreclosure sale because Bank of America tendered the superpriority amount prior to the

sale and because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preserved the deed of trust.

Durango does not dispute the deed of trust survived the sale and contends that the plaintiffs

cannot recover damages against Durango if it did.  Strategic responds that the plaintiffs have not

shown that Fannie Mae owned an interest in the property at the time of the HOA sale or that the

1 | plaintiffs can presently enforce the note.  Strategic also argues the plaintiffs have not shown

2 | through admissible evidence that the tender check was delivered.

3 |      The parties are familiar with the facts, and I will not repeat them here except where

4 | necessary to resolve the motion.  No genuine dispute remains that Fannie Mae owned an interest

5 | in the property at the time of the HOA foreclosure sale, so the federal foreclosure bar applies.

6 | Consequently, the plaintiffs are entitled to judgment as a matter of law on their declaratory relief

7 | claim.  Because the deed of trust was not extinguished, the plaintiffs' alternative damages claims

8 | against Durango and HAS are moot.

9 | **I.  ANALYSIS**

10 |      Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

11 | any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

12 | 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law."

13 | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence

14 | is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

15 |      The party seeking summary judgment bears the initial burden of informing the court of

16 | the basis for its motion and identifying those portions of the record that demonstrate the absence

17 | of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

18 | burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

19 | genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531

20 | (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

21 | summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

22 | fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the

23 |

1  light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523

2  F.3d 915, 920 (9th Cir. 2008).

3          The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which

4  [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of

5  [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]."  The federal

6  foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing

7  Fannie Mae's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869

8  F.3d 923, 927-31 (9th Cir. 2017).  In *Berezovsky*, the Ninth Circuit accepted as proof of

9  ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33; *see also*

10  ECF No. 32-1.  Consequently, the plaintiffs have met their initial burden of showing Fannie Mae

11  owned an interest in the property at the time of the sale.  The burden thus shifts to Strategic to

12  present evidence raising a genuine dispute about Fannie Mae's interest.  Strategic has not

13  presented any contrary evidence in response.

14          The fact that Fannie Mae's name does not appear as the deed of trust beneficiary does not

15  raise a genuine dispute that it did not own the note and deed of trust at the time of the sale. *See*

16  *Berezovsky*, 869 F.3d at 932 (stating that Freddie Mac's interest in the property was "valid and

17  enforceable under Nevada law" even though "the recorded deed of trust names only the owner's

18  agent"); *Ditech Fin. LLC v. Saticoy Bay LLC Series 8829 Cornwall Glen*, 794 F. App'x 667, 668

19  (9th Cir. 2020) (rejecting purchaser's argument that because "Fannie Mae did not appear as the

20  deed of trust's record beneficiary" it did not have a valid property interest); *JPMorgan Chase*

21  *Bank, N.A. v. 7290 Sheared Cliff Lane Un 102 Tr.*, No. 18-16190, 2020 WL 827295, at *2 (9th

22  Cir. Feb. 19, 2020) (stating that Fannie Mae's business records and declaration of its employee

23

1  were "sufficient evidence of Fannie Mae's ownership of the loan even if the recorded deed of

2  trust names only . . . Fannie Mae's loan servicer" (quotation omitted)).

3      As for Strategic's argument that the plaintiffs have not produced the note, the question in

4  this case is not whether the plaintiffs could presently foreclose.  The question is whether Fannie

5  Mae owned the note and deed of trust at the time of the HOA foreclosure sale such that the

6  federal foreclosure bar preserved that interest.  The plaintiffs have presented evidence sufficient

7  to establish Fannie Mae's ownership interest.  Strategic has not presented any contrary evidence.

8  Strategic must show "more than metaphysical doubt as to the material facts," and it "has not

9  done so here." *Berezovsky*, 869 F.3d at 933 (quotation omitted).

10     Consequently, I grant the plaintiffs' motion for summary judgment.  Because the deed of

11 trust survived the HOA foreclosure sale by operation of the federal foreclosure bar, I dismiss as

12 moot the plaintiffs' alternative damages claims against Durango and HAS.

13 **II.  CONCLUSION**

14     I THEREFORE ORDER that plaintiffs Bank of America, N.A. and Federal National

15 Mortgage Association's motion for summary judgment **(ECF No. 32) is GRANTED**.  The clerk

16 of court is instructed to enter judgment in favor of plaintiffs Bank of America, N.A. and Federal

17 National Mortgage Association and against defendant LV Real Estate Strategic Investment

18 Group LLC Series 1149 as follows: It is hereby declared that the non-judicial foreclosure sale

19 conducted by Durango Trails Homeowners Association, Inc. on March 27, 2014 did not

20 extinguish the deed of trust, and the property located at 1149 Dusty Creek Street in Las Vegas,

21 Nevada remains subject to the deed of trust.

22

23

1     I FURTHER ORDER that the plaintiffs' alternative damages claims against defendants

2 Durango Trails Homeowners Association, Inc. and Homeowner Association Services, Inc. are

3 dismissed as moot.

4     I FURTHER ORDER that the clerk of court is instructed to close this case.

5     DATED this 17th day of June, 2020.

6

7     _____
      ANDREW P. GORDON
      UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23